# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY JONES, | ) |
|                 **Plaintiff**, | ) |
| v. | )     No.: 18-cv-3038-JBM |
| DR. RICHARD BUTLER, et al., | ) |
|                 **Defendants**. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, alleges § 1983 deliberate indifference at the Stateville ("Stateville") and Western Illinois ("Western") Correctional Centers. The case is before the Court for a merit review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff had a pre-existing history of Crohn's disease, "an inflammatory bowel disease …[which] causes inflammation of [the] digestive tract, which can lead to abdominal pain, severe diarrhea, fatigue, weight loss and malnutrition."[1] On September 21, 2015, Plaintiff was transferred to Stateville, weighing 118 lbs. He asserts that an unidentified physician had recommended that he be given Boost, a dietary supplemental drink. Plaintiff claims that

---

[1] https://www.mayoclinic.org/diseases-conditions/crohns-disease/symptoms-causes/syc-20353304.

1

Stateville physician Dr. Ritz did not follow this recommendation, ordering that Plaintiff could be adequately maintained with diet and fluids. Plaintiff claims that when he was transferred to Western 18 days later, on October 9, 2015, he weighed only 105 lbs.

When Plaintiff was transferred to Western he was seen by a nurse, Defendant Jane Doe #1. She took Plaintiff's history, confirmed his medication list, and informed Plaintiff that Stateville staff had failed to send the Crohn's medications. The Nurse indicated that Dr. Butler, the Western Medical Director, was on vacation, that she could not order the medication and that he would have to wait for Dr. Butler's return. Plaintiff did not receive the medication until October 20, 2015, eleven days later, and claims he suffered debilitating symptoms in the interim. He grieved the matter to Western Grievance Officer, Defendant Goins. When she denied the grievance, he appealed to Defendant Qualls of the Administrative Review Board ("ARB"). Defendant Qualls also denied the grievance.

Plaintiff was not seen by Defendant Butler until October 28, 2015. On that date, Plaintiff demanded some unspecified treatment for the Crohn's which Defendant Butler denied. Plaintiff claims Defendant Nurse Shoemaker told him that staff need not cater to him by providing a special diet.

On December 2, 2015, Plaintiff was temporarily transferred back to Stateville on a writ. He claims that there, staff began an aggressive course of treatment, not otherwise identified. On February 17, 2016, he was transferred back to Western where he met with Defendant Butler on an unspecified date. Defendant Butler expressed doubt as to the Crohn's diagnosis and indicated he would not re-order medication until he had conducted testing. Plaintiff complained to Defendant Shoemaker, filed a grievance with Defendant Goins and filed an appeal with Defendant Qualls.

Plaintiff does not indicate the date the Crohn's medication was stopped and does not indicate whether it was resumed. On March 16, 2016, however, when Plaintiff was transferred back to Stateville, the Stateville physician, Dr. Schwarz, would not order Crohn's medication due to the "hold" placed by Dr. Butler. While at Stateville, Plaintiff grieved the occurrence to Grievance Officer, Defendant McBee, who denied it.

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996).

Here, Plaintiff attempts to assert that Defendant Ritz was deliberately indifferent for not ordering the Boost supplement, and that he suffered pain, disability and weight loss as a result. The allegations as pled, however, merely show a potential disagreement between the unidentified individual who recommended the Boost shakes and Defendant Ritz. To succeed on a claim of deliberate indifference, however, a plaintiff "must do more than show negligence, medical malpractice, or disagreement with a prescribed course of treatment." *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). Furthermore, Plaintiff does not claim that he would not have suffered weight loss, or that his symptoms would have been managed had he only received the Boost. Weight loss is a symptom of Crohn's disease and there is no allegation that this would have been avoided if the Boost had been provided. Here, Plaintiff fails to assert that Defendant

Ritz's failure to order the dietary supplement resulted in ineffective care, or exhibited deliberate indifference.

Plaintiff also attempts to plead deliberate indifference for Defendant Butler's failure to provide other treatment, which he made no effort to identify. Plaintiff does not disclose what this other treatment would be or claim that it would have alleviated his symptoms. This claim is too speculative to sustain a claim for deliberate indifference. Plaintiff also criticizes Defendant Butler's decision to take him off of the Crohn's medication. He pled, however, that Defendant was skeptical of the diagnosis and wanted to conduct additional testing. Plaintiff does not reveal the results of the diagnostic testing, how long he was off of the Crohn's medication and whether the medication was resumed. These allegations are insufficient to establish that Defendant "committed an act so dangerous that his knowledge of the risk can be inferred" so as to allege that he acted with deliberate indifference when he pursued this course of treatment. *Antonelli*, 81 F.3d at 1427. *See Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee Cty.*, 163 F.3d 982, 989 (7th Cir.1998)). "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Id*. at 894-95.

Plaintiff, however, states a claim as to Nurse Jane Doe #1 who took his history and physical on October 9, 2015. It may reasonably be inferred that Defendant understood Plaintiff's underlying condition and his need for Crohn's medication. Despite this, she took no immediate action in Dr. Butler's absence, as Plaintiff did not receive the medication until October 20, 2015. Plaintiff claims that he unnecessarily experienced pain and disability during this 11-day period. The allegations that Defendant Doe waited for Defendant Butler's return, without any apparent attempt to have Plaintiff seen by another provider, or to have the medications reordered, states a

4

colorable claim of deliberate indifference. Plaintiff is advised that it will be his responsibility through disclosures and discovery to timely identify the Doe Defendant.

Plaintiff also asserts a claim against Wexford Health Sources, Inc., Defendant Butler's employer. Plaintiff claims that Wexford, as the prison healthcare provider, had an obligation to have in place provisions for needed medical care while Defendant Butler was on vacation. This claim will proceed.

Plaintiff claims that Stateville physician Dr. Schwarz was deliberately indifferent for not reordering the medication due to the hold placed by Dr. Butler. Here, again, there is a paucity of detail as to the testing which was conducted and the amount of time Plaintiff was off of the Crohn's medication, or otherwise without palliative treatment. Plaintiff fails to support that Defendant Schwarz's was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference," so as to be deliberately indifferent. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff attempts to assert a claim against the unknown Stateville employee who failed to forward his Crohn's medications. There is nothing in the record to establish, however, that this employee knew of Plaintiff's condition or the importance of his medication, and was deliberately indifferent to it. Here, Plaintiff has pled, at most, that the employee acted negligently. *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (claims of negligence are not sufficient to assert a constitutional violation). Defendant John/Jane Doe #2 is DISMISSED.

Plaintiff's criticisms of Defendant Shoemaker for telling him he should not be "catered to," and agreeing with Defendant Butler decision to discontinue the Crohn's medication does not state a claim for deliberate indifference. This, particularly, as Plaintiff does not claim that Nurse

5

Shoemaker had the authority to prescribe the medication when Dr. Butler refused to do so. Defendant Shoemaker is DISMISSED.

Plaintiff claims that Grievance Officers Goins and McBee and ARB member Qualls were deliberately indifferent for denying his grievances. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Defendants Goins, McBee and Qualls are DISMISSED.

Here, Plaintiff has asserted claims against Defendants at the Western and Stateville Correctional Centers. It should be noted that generally, allegations against different Defendants at different institutions constitutes an impermissible misjoinder. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." A Plaintiff may, however, join several defendants in one suit if the claims arise out of a single transaction and contain a common question of law or fact. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). The Court finds that this is the case, here. It gives Plaintiff an opportunity to replead to correct any deficiencies and will consider claims against both the Western and Stateville Defendants.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claim against Defendants Nurse Jane Doe #1 and Wexford Health Sources, Inc. Defendants Butler, Ritz, Schwarz, Shoemaker, Goins, McBee, Qualls and John/Jane Doe #2, are DISMISSED. Plaintiff

will be given an opportunity, however, to file an amended complaint within 30 days. If he does so, it is to be captioned First Amended Complaint and is to stand complete on its own without reference to a prior pleading. If Plaintiff does not amend, this case will proceed on the claims identified herein. Other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's Motion for Status [7] is rendered MOOT.

3. The Clerk is directed to send Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES; AND,**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE**

**WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

| | |
|---|---|
|  6/29/2018 | s/Joe Billy McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |